IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH O OGUEJIOFOR,<br><br>    Plaintiff,<br><br>  v.<br><br>SERRAMONTE FORD,<br><br>    Defendant.<br>_____/ | No. C -13-02446(EDL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    This is an employment case. Pro se Plaintiff Joseph Oguejiofor, an African-American man, worked at Defendant Serramonte Ford as a sales consultant for several months in 2009. He was terminated after a co-worker alleged that he sexually harassed her. Plaintiff alleges that his termination violated Title VII's prohibitions on race discrimination, sexual harassment, and retaliation. Defendant has moved for summary judgment, arguing that Plaintiff did not timely file his case. For the reasons below and as stated at the hearing held on July 1, 2014, the Court grants Defendant's motion.

    A plaintiff bringing an action under Title VII must file his civil complaint within 90 days after the Equal Employment Opportunity Commission ("EEOC") has given notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed a claim with the EEOC on October 12, 2010. Compl. at 18. The EEOC issued a right-to-sue letter on May 31, 2012. Id. at 19. Plaintiff filed this Complaint on May 30, 2013, long after the expiration of the 90-day period triggered by the right-to-sue letter. Plaintiff alleges that he did not receive the right-to-sue letter until February of 2013, almost a year after the EEOC sent it, because it was sent to the wrong address. Compl. ¶ 12. The mailing address on the right-to-sue letter is the same as the address on Plaintiff's EEOC charge documents and his address on the caption of the Complaint: PO Box 4457, Foster City, CA 94404. Compl. at 1, 18-19.

Plaintiff also alleges that the EEOC right-to-sue letter was copied to his attorney at the time, William Hopkins, but that Mr. Hopkins never received the letter. Plaintiff attaches to the Complaint a March 4, 2013 letter sent from Mr. Hopkins to Michael Connolly, Deputy District Director of the EEOC. Compl. at 16. The March 4 letter notes that Plaintiff received a letter from the EEOC dated February 14, 2013, which enclosed a copy of the right-to-sue letter dated May 31, 2012. Compl. at 16. The March 4 letter further notes that the EEOC used an outdated address for Mr. Hopkins's copy of the letter. Id. Plaintiff states that when he did receive the letter in February of 2013, he acted with all diligence to pursue his claim. Compl. ¶ 12.

The 90-day period starts to run when delivery of the right-to-sue letter is attempted at the address the plaintiff has on record with the EEOC. Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997). In the Ninth Circuit, there is a presumption that an EEOC letter's issuance date is also its mailing date, as well as a presumption, in accord with Federal Rule of Civil Procedure 6(e), that an EEOC letter is received three days after it is mailed. See Payan v. Aramark Mgmt. Servs. Ltd., 495 F.3d 1119, 1125 (9th Cir. 2007). The Payan court noted that a general claim that mail is sometimes delayed is insufficient to rebut the presumption. Id. at 1126. Defendant argues that Plaintiff's address has been consistent throughout his EEOC process and this lawsuit, and therefore the presumption that the right-to-sue letter was received three days after it was mailed applies, which would start the 90-day period on June 2, 2012. Plaintiff's Complaint provides no information about what other address the EEOC may have had on file for him, and he did not file an opposition to the motion for summary judgment. However, the Court will take all inferences in favor of Plaintiff, the non-moving party, and assume for purposes of summary judgment that he did not receive the EEOC's letter in June of 2012.

Defendant points out, though, that even if Plaintiff did not receive the right-to-sue letter from the EEOC until February of 2013, as he alleges in his Complaint, the Complaint is still untimely. Although the Complaint does not state when in February of 2013 Plaintiff received the right-to-sue letter, the March 4, 2013 letter from his attorney refers to correspondence from the EEOC to Plaintiff dated February 14, 2013. Compl. at 16. Applying the three-day mailing presumption set forth in Payan, the letter sent on February 14, 2013 would have been received on February 17, 2013, which is

a Sunday, so the letter would be deemed received on February 18, 2013. In that case, the 90-day period would have run on May 18, 2013, almost two weeks before Plaintiff filed his Complaint on May 30, 2013. Even if Plaintiff's Complaint is interpreted as generously as possible and the Court assumes that he did not receive the letter until the last day of February, February 28, 2013, the 90-day period would have run on May 29, 2013, the day before Plaintiff filed his Complaint.

Plaintiff did not file an opposition to the motion, but did appear at the hearing on July 1, 2013.[1] Although he complained of various problems and miscommunications with the EEOC, he acknowledged at the hearing that he received the right-to-sue letter in February of 2013. Therefore, the Court holds that Plaintiff did not timely file his Complaint, and grants Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: July __, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

---

[1] On June 30, 2014, Plaintiff requested an extension on the opposition filing deadline. Under Federal Rule of Civil Procedure 6(b)(1), a request to extend time must be made before the original time or its extension expires. Fed. R. Civ. P. 6(b)(1)(a). The original filing deadline was June 10, 2014. Therefore, the Court will not grant Plaintiff's extension request. However, Plaintiff appeared at the hearing and spoke in opposition to Defendant's motion. The Court will treat his statement at the hearing as it would a written opposition.